1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                              DISTRICT OF NEVADA

8                                    * * *
                                         )
9    PHASE 3 TECHNOLOGY &                 )
     CONSTRUCTION, INC.; et al,           )
10                                        )        3:15-cv-00107-LRH-VPC
                 Plaintiff,               )
11                                        )
      v.                                  )        ORDER
12                                        )
     JAMES COLE,                          )
13                                        )
                 Defendant.               )
14   _____ )

15          Before the court is defendant James Cole's ("Cole") motion to dismiss and motion to strike.

16   Doc. #3.[1] Plaintiffs Phase 3 Technology & Construction, Inc. ("Phase 3 Technology"), Paul Dienes

17   ("Dienes"), and Nicolas Dezubiria ("Dezubiria") (collectively "plaintiffs") filed an opposition

18   (Doc. #8) to which Cole replied (Doc. #10).

19   **I.      Facts and Procedural History**

20          Defendant Cole is the former president of Phase 3 Technology, a Nevada corporation, and

21   retains a one-third shareholder interest. Plaintiffs Dienes and Dezubiria own the remaining interest

22   in the corporation. Plaintiffs allege that Cole, while serving as the president of Phase 3 Technology,

23   engaged in improper business practices that caused plaintiffs financial loss.

24          Subsequently, plaintiffs filed a complaint against Cole, alleging seven causes of action: (1)

25   breach of fiduciary duty, (2) fraudulent misrepresentation, (3) negligent misrepresentation, (4)

26

     _____
        [1] Refers to the court's docket number.

1   constructive fraud, (5) constructive trust, (6) conversion, and (7) unjust enrichment. Doc. #1.

2   Thereafter, Cole filed the present motion to dismiss and motion to strike. Doc. #3.

3   **II.   Discussion**

4        **A. Motion to Dismiss**

5        In his motion, Cole contends that plaintiffs' first, second, fourth, and sixth claims do not

6   allege a cause of action upon which relief can be granted because they failed to plead fraud with

7   sufficient particularity. *See* Doc. #3.

8        Federal Rule of Civil Procedure 9(b) requires parties to allege with particularity the

9   circumstances constituting fraud or mistake. Fed. R. Civ. P. 9(b). This standard applies to any claim

10  that "sounds in fraud" or that "rel[ies] entirely [on a fraudulent course of conduct] as the basis of

11  that claim." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009). If such claims are

12  alleged, the pleading as a whole must satisfy the Rule 9(b) particularity requirement. *Id.*

13       The court has reviewed the documents and pleadings on file in this matter and finds that

14  Plaintiffs' first and sixth claims do not "sound in fraud." *Id.* A breach of fiduciary duty claim only

15  requires plaintiffs to plead a presence of duty, a breach of that duty, and damages proximately

16  caused by the breach.  *See Clark v. Lubritz*, 944 P.2d 861 (Nev. 1997). Plaintiffs could thus

17  successfully allege, and have alleged, a breach of fiduciary duty that is not based on fraud.

18  Similarly, plaintiffs' sixth claim for conversion has been alleged independently of  any fraudulent

19  statements or intent to defraud. *See, e.g.*, *Galvan v. J.C.H. Enterprises, Inc.*, No.

20  2:11-CV-00307-RLH, 2011 WL 4501083, at *3 (D. Nev. Sept. 27, 2011) (holding that conversion

21  did not fall under the heightened pleading standard because conversion is an "act of general intent,

22  which does not require wrongful intent and is not excused by care, good faith, or lack of

23  knowledge."). These claims, alleged separately from plaintiffs' claims, need not satisfy Rule 9(b)'s

24  heightened pleading standard.

25  //

26  //

1      However, plaintiffs' second and fourth claims "rely entirely" on alleged fraudulent conduct,

2   and thus must satisfy Rule 9(b). *See Kearns*, 567 F.3d at 1125. Plaintiffs' complaint, as currently

3   alleged, does not meet this requirement. To satisfy Rule 9(b), a pleading must identify "the who,

4   what, when, where, and how of the misconduct charged," as well as "what is false or misleading

5   about [the purportedly fraudulent] statement, and why it is false." *Ebeid ex rel. United States v.*

6   *Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010) (internal quotation marks and citations omitted).

7   "Mere conclusory allegations of fraud are insufficient." *Moore v. Kayport Package Exp., Inc.*, 885

8   F.2d 531, 540 (9th Cir. 1989). Here, plaintiffs' pleadings do not adequately specify the fraudulent

9   statements Cole allegedly made. Additionally, several allegations in the complaint are conclusory in

10   nature and fail to indicate how Coles's actions were misleading or why they were false.

11      Additionally, allegations of fraud based on information and belief, like several in the

12   complaint, will not usually satisfy Rule 9(b). *Zatkin v. Primuth*, 551 F. Supp. 39, 42 (S.D. Cal.

13   1982). The court recognizes that the Rule 9(b) pleading requirement may be relaxed as to "matters

14   peculiarly within the opposing party's knowledge" in situations where plaintiffs cannot be expected

15   to have personal knowledge of the facts prior to discovery. *See, e.g.*, *Wool v. Tandem Computers,*

16   *Inc.*, 818 F.2d 1433, 1439 (9th Cir.1987) (overruled on other grounds). In such cases, a complaint

17   based on information and belief is sufficient if it includes a statement of the facts upon which the

18   belief is based. *Zatkin*, 551 F. Supp. at 42. Here, however, although several allegations in the

19   complaint indicate that plaintiffs believe that a fraudulent act has occurred, they provide no basis

20   for this belief. As such, these allegations are insufficient to meet the relaxed Rule 9(b) standard.

21   Therefore, the court finds that plaintiffs have failed to sufficiently allege their fraud-based claims.

22      Under the *Kearns* standard, the court shall dismiss plaintiffs' complaint in its entirety

23   because the pleadings as a whole do not satisfy Rule 9(b). The court recognizes that plaintiffs have

24   requested leave to amend their complaint, but the court also notes that they have not satisfied Local

25   Rule 15-1 by submitting an amended complaint for the court's review. However, the Ninth Circuit

26   directs the court to grant leave to amend unless the pleadings' deficiencies could not be cured. *See,*

*e.g.*, *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1108 (9th Cir. 2003). Here, plaintiffs contend that they can cure the identified pleading deficiencies. Therefore, because amendment would not unduly prejudice defendant Cole at this early stage of litigation, the court shall grant plaintiffs twenty (20) days from entry of this order to file an amended complaint.

### B. Motion to Strike

Defendant also moved to strike certain allegations in the complaint pursuant to Rule 12(f). Because the court is dismissing plaintiffs' complaint with leave to amend, it declines to grant defendant's motion at this time. However, had the court reached this issue, the motion to strike paragraphs 18-21 would have been warranted. The court may strike from a pleading any "immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). An immaterial matter lacks an essential or important relationship to the claim for relief; a scandalous matter improperly casts a derogatory light on a party or person. *Germaine Music v. Universal Songs of Polygram*, 275 F. Supp. 2d 1288, 1299-300 (D. Nev. 2003) (internal citations omitted). The allegations in paragraphs 18-21 regarding defendant's wife and her extramarital affairs has no essential or important relationship to the business claims put forth by plaintiffs and are thus immaterial. The statements are also scandalous; paragraphs 18-21 contain unnecessary dramatic flourishes and appear solely calculated to cast Cole in a derogatory light. *See Mazzeo v. Gibbons*, 649 F. Supp. 2d 1182, 1202 (D. Nev. 2009).

By contrast, the allegations in paragraphs 29 and 30 alleging defendant's sale of "moonshine" to a Phase 3 Technology employee could bear on the breach of fiduciary duty claim. "Matter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation." *Wailua Assocs. v. Aetna Casualty and Surety Co.*, 183 F.R.D. 550, 553–54 (D. Haw. 1998). In paragraph 29, plaintiffs allege that Cole used company resources to execute the sale and transport of liquor to another employee. Paragraph 30 relates to this transaction. Therefore, these allegations are potentially related to the claim and not immaterial. The use of the word "moonshine" to describe this product also does not cast Cole in a "cruelly

4

derogatory light" to the extent that the allegations would be stricken as scandalous. *See Holmes*, 966 F. Supp. 2d 925, 938 (N.D. Cal. 2013). Therefore, plaintiffs' amended complaint, if any, should conform with the above considerations and not include the allegations currently identified in paragraphs 18-21.

IT IS THEREFORE ORDERED that defendant's motion to dismiss (Doc. #3) is GRANTED. Plaintiff's complaint (Doc. #1) is DISMISSED without prejudice in its entirety.

IT IS FURTHER ORDERED that plaintiffs shall have twenty (20) days from entry of this order to file an amended complaint.

DATED this 25th day of June, 2015.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE