UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PHASE 3 TECHNOLOGY & CONSTRUCTION, INC., a Nevada corporation; PAUL DIENES, an individual; and NICOLAS DEZUBIRIA, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>JAMES COLE, an individual, and DOES 1 – 10,<br><br>Defendants. | Case No.: 3:15-cv-00107-LRH-VPC |

## ORDER GRANTING MOTION TO WITHDRAW

Before the Court is ALLISON MacKENZIE, LTD.'s ("Counsel") Motion to Withdraw as counsel for Plaintiffs pursuant to Local Rule IA 10-6, NRCP 1.16, and Supreme Court Rule 46.

I. **Procedural History**

On June 26, 2015, this Court entered an order (a) granting defendant, JAMES COLE's, motion to dismiss Plaintiffs' Complaint, (b) dismissing Plaintiffs' Complaint in its entirety, and (c) providing Plaintiffs twenty (20) days to file an amended complaint in the action. *See* Doc. # 23. On July 17, 2015, upon stipulation of the parties, this Court entered an Order extending the time in which Plaintiffs might amend their Complaint to August 13, 2015. *See* Doc # 25. Plaintiffs did not

file an amended complaint and have, based on the Declaration of Justin M. Townsend filed on August 17, 2015, decided not to pursue this litigation any further.

## II. Discussion

Pursuant to Local Rule IA 10-6(b) "[n]o attorney may withdraw after appearing in a case except by leave of Court after notice has been served on the affected client and opposing counsel." Local Rule IA 10-6(e) establishes that "no withdrawal . . . should be approved if delay of discovery, the trial or any hearing in the case would result." Here, Counsel has properly served notice on both the affected clients and opposing counsel, and because Plaintiffs' Complaint has been dismissed, Plaintiffs have chosen not to litigate this matter further, and Plaintiffs have instructed Counsel not to pursue further litigation of the matter, no delay of any kind will result from Counsel's withdrawal as attorneys for Plaintiffs.

The Nevada Rules of Professional Conduct, Rule 1.16 hold that:

> (b) Except as stated in paragraph (c), a lawyer may withdraw from representing a client if:
>
> (1) Withdrawal can be accomplished without material adverse effect on the interests of the client;
>
> (c) A lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating representation. When ordered to do so by a tribunal, a lawyer shall continue representation notwithstanding good cause for terminating the representation.

Plaintiffs have chosen not to pursue their claims against Defendant in the above-captioned matter, their original complaint has been dismissed in its entirety, and they have instructed Counsel to cease further litigation. Accordingly, there is no further action for Counsel to take in the matter, and Counsel's withdrawal from the case will not have a materially adverse effect on Plaintiffs' interests, and will not prejudice any of the parties to the action.

Finally, Nevada Supreme Court Rule 46 holds that "after judgment or final determination, an attorney may withdraw as attorney of record at any time upon the attorney's filing a withdrawal, with or without the client's consent." In this case, the Court's June 26, 2015 Order stands as a final determination of Plaintiffs' claims, and pursuant to Supreme Court Rule 46 Counsel may withdraw as attorneys of record with or without Plaintiffs' consent.

IT IS THEREFORE ORDERED that ALLISON MacKENZIE LTD.'s Motion to Withdraw is GRANTED.  ALLISON MacKENZIE LTD. is withdrawn as counsel for Plaintiffs.

IT IS FURTHER ORDERED that this case is dismissed without prejudice.

DATED this 25th day of August, 2015.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE